SUMMARY ORDER

Petitioner Zeng Liang Liu, a citizen of China, seeks review of an October 24, 2008 order of the Board of Immigration Appeals (“BIA”) affirming Immigration Judge (“IJ”) Philip L. Morace’s April 11, 2007 decision denying Liu’s application for asylum, withholding of removal and relief under the Convention Against Torture (“CAT”). In re Zeng Liang Liu, No. A99 668 348 (B.I.A. Oct. 24, 2008), aff'g No. A99 668 348 (Immig. Ct. N.Y. City Apr. 11, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We find no error in the agency’s adverse credibility determination in this case. The IJ properly relied on the inconsistencies between Liu’s application and his hearing testimony. The IJ pointed to multiple instances in which Liu’s testimony regarding the dates on which certain events occurred was both internally inconsistent and inconsistent with his written statement and supporting documents. For example, while, in his written statement, Liu claimed that he was introduced to Falun Gong in March 2001, and was arrested by school officials in June 2001, during his hearing testimony, Liu stated that school officials had arrested him in June 2003. He also testified that he had last attended school in March 2003, while in his written statement he claimed to have been prohibited from returning to school in June 2001. Liu failed to adequately explain these inconsistencies. On appeal, Liu argues that they were too minor to support an adverse credibility determination. However, under the REAL ID Act, an IJ may rely on any inconsistency, no matter how minor. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008) (“For cases filed after May 11, 2005, the effective date of the Act, an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the ‘totality of the circumstances’ establishes that an asylum applicant is not credible.” (Quoting 8 U.S.C. § 1158(b)(1 )(B)(iii))). Further, after observing Liu’s demeanor, the IJ found that, when confronted "with the inconsistencies in his testimony, Liu hesitated before answering. We afford particular deference to such assessments of an applicant’s demeanor. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005).
Because the only evidence of a threat to Liu’s life or freedom depended upon his credibility, the adverse credibility finding in this case necessary precludes success on his claim for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Wu Biao Chen v. INS, 344 F.3d 272, 275-76 (2d Cir.2003). Finally, because Liu offered no independent evidence that he would be tortured if returned to China, the adverse credibility determination in this case also precludes success on his claim for CAT relief. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for *693 a stay of removal in this petition is DISMISSED as moot.